By the Court.
The defendant in error brought an action for money against the plaintiff in error in the court of common pleas. The suit grew out of a written' contract between the parties, whereby .Hershman agreed to sell three pieces of encumbered real estate to Nead, and Nead agreed to sell to Hershman a certain piece of real estate', also encumbered. Nead performed' his agreement by giving Hershman a deed.
At the trial there was a conflict of testimony as to whether .Nead had performed his part of the agreement or not. Nead tendered a certain deed, but there was a dispute as to whether or not Hershman had accepted Nead’s deed and whether it complied with the agreement.
At the close of plaintiff’s testimony, defendant moved the court to arrest the testimony and direct the jury to return a verdict for the defendant. This was overruled. At the conclusion of all the testimony, counsel for the defendant renewed *608 his motion for an instructed verdict in favor of the defendant and counsel for the plaintiff thereupon moved the court for an instructed verdict in favor of the plaintiff. The matter was argued, and the court announced that the defendant’s motion was overruled and the plaintiff’s motion was granted. Thereupon counsel for defendant offered to withdraw-his motion, and asked the court to submit the case to the jury. The court refused to do so and instructed the jury to return a Arerdiet in favor of the plaintiff, which Avas accordingly done. To the judgment -rendered on this verdict, the defendant below prosecutes error.
The principal contention on behalf of the plaintiff in error is that he was deprived of his right to have the facts determined by a jury, and the case of Perkins v. Putnam Co. (Comrs.), 88 Ohio St., 495, and the eases therein referred to, are cited in support of this position. An examination, of these decisions shows that Avhen the parties by motions on behalf of each side' submit the case to the court and thereby clothe it with the functions of the jury, the request which must be made in order to divest the court of the powers arising in such a situation should be made before the final decision of the court.
In the case at bar, after the court had decided and granted the motion of the plaintiff for an instructed verdict, the return of the verdict 'by the jury prior to thé rendition of judgment had become a mere formality. The court might have rendered the judgment without a verdict. See Stockstill v. Dayton & M. Ry., 24 Ohio St., 83, and Dick v. Railway, 38 Ohio St., 389.
The application of -the defendant after the final decision of the court came too late.
¥e have examined the other assignments of error, but do not find them Avell taken.
Shohl, Hamilton and Clashing, JJ., concur.